(No. 42475.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* KENNETH O'LEARY, Appellant.

*Opinion filed March 24, 1970.*

WILLIAM S. SCHILDMAN, of Jacksonville, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and CHARLES J. RYAN, State's Attorney, of Jacksonville, (FRED G. LEACH, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE BURT delivered the opinion of the court:

This is an appeal from an order granting the State's Attorney's motion to dismiss a petition under the Illinois Post-Conviction Hearing Act.

The appellant, Kenneth O'Leary, after a jury trial, was found guilty of burglary in the circuit court of Morgan County on November 26, 1968, and was sentenced to serve two to ten years in the penitentiary. A post-conviction petition was filed, and on March 27, 1969, the court appointed the public defender to represent the defendant at a post-conviction hearing. The State's Attorney filed a motion to dismiss the petition, which was granted on a hearing held April 23, 1969. A notice of appeal was filed, and an attorney was appointed by the court to represent the defendant on the appeal. The defendant contends on appeal that the record shows that he was not adequately advised of his right to remain silent and to have counsel present at his interrogation, thus violating defendant's rights under the fifth, sixth, and fourteenth amendments to the constitution of the United States, and further contends that he did not knowingly and intelligently waive his rights to remain silent and to have counsel present, and the State failed to show such a knowing and intelligent waiver, therefore, defendant's rights under the fifth, sixth and fourteenth amendments were violated, and that the confession was not voluntary, but was coerced by the use of tear gas and incarceration in an extremely small cell, contrary to the fifth and fourteenth amendments to the constitution, and is therefore

inadmissible, and therefore the defendant is entitled to a new trial.

The defendant was a 19-year-old boy living in Jacksonville, Illinois, with his parents. He had a record of incorrigibility in school and expulsion, commitment to the Youth Commission, to St. Charles Training School for Boys and Jacksonville State Hospital for various offenses. He had been discharged from Jacksonville in 1964 as without psychosis. He was at one time classified as "educable mentally handicapped".

Defendant was picked up at 3:58 A.M. on August 16, 1968, by the Jacksonville police on suspicion that he participated in the burglarizing of Tonn's Grocery in Jacksonville on August 9, 1968, a week earlier, and taken to the police station. He was advised of his constitutional rights at that time and stated that he knew of his rights. He was questioned in the police station where he was kept about an hour, and questioned for about 10 to 20 minutes after being advised of his rights. He denied any guilt. He was then taken across the street to the county jail about 5:00 A.M. He was taken upstairs and put into the east cell block for city prisoners. Defendant became obstreperous, demanding to see a Captain Jarvis again, and began beating on a metal table with his cup and swearing in a loud voice. The turnkey asked two officers to put him in a small cell called "the hole". When the officers started to place him in the small cell defendant picked up an empty five-gallon bucket that was sitting on the floor and drew back as though he were going to hit them with it. Officer Williams then used tear gas on him by spraying him directly in the face. Officers Williams and Seymour then took defendant by the arms and led him into the small cell without resistance.

Half an hour later defendant asked for release from the cell. He was still crying and the odor of tear gas was still in the air. Captain Jarvis then asked defendant if he wanted to talk to him about the break-in at Tonn's Grocery

and defendant stated, "I went in there. I done it." He was then released from "the hole" and allowed to wash the tear gas from his face. At about 6:00 A.M. defendant agreed to accompany the police on an automobile ride and pointed out a pry bar used in the burglary and named an accomplice. Motions to suppress these statements and the pry bar from the evidence were denied. The defendant did not testify at the trial.

The question of the voluntariness of these statements and the admissibility of the pry bar is for the trial court to determine, and its determination depends not upon any one factor, but on the totality of all the relevant circumstances. *People* v. *Taylor,* 40 Ill.2d 569, 573; *People* v. *Hudson,* 38 Ill.2d 616, 619.

Insofar as relevant to this case, this court has said in *People* v. *Davis* (1966), 35 Ill.2d 202, 205, 206: "The constitutional test for the admission of a confession in evidence is whether the confession was made freely, voluntarily and without compulsion or inducement of any sort. A confession obtained by force or brutality is not voluntary and is inadmissible."

Applying these standards to the facts here, we find that the police were confronted with a trying situation. It was almost 5:00 A.M. The defendant began behaving like a child in a temper tantrum, banging his utensils, yelling and swearing and threatening to wake all the occupants of the jail and the family of the jailer, while calling loudly for Captain Jarvis. When the turnkey threatened to put him into "the hole" he still persisted, and even when the two policemen were called back he was incorrigible. Finally, the officer gave him a shot in the face with tear gas, and he was led into "the hole".

Half an hour later he became tractable and asked to get out. He then confessed, while still affected by the tear gas. Defendant brought his troubles on himself, and the police reaction was understandable.

However, we find it difficult to hold that the confession of this defendant, coming so soon after the gassing, was free and voluntary. "The question in each case is whether a defendant's will was overborne at the time he confessed. If so, the confession cannot be deemed the product of a rational intellect and a free will." *Reck* v. *Pate,* 367 U.S. 433, 440, 6 L. Ed. 2d 948, 953, 81 S. Ct. 1541, 1546.

The court is of the opinion that under all the circumstances the confession and the pry bar should have been suppressed at the hearing on the motion to suppress.

This case must therefore be reversed and the cause remanded for a new trial.

*Reversed and remanded.*